UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYDIA DONATI,

    Plaintiff,

v.                                                          Case No. 13-14496

FORD MOTOR COMPANY
GENERAL RETIREMENT PLAN,
RETIREMENT COMMITTEE,

    Defendant.
                                                      /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT**

Defendant Ford Motor Company General Retirement Plan, Retirement Committee, moves for partial judgment on the pleadings as to Count II of the complaint for breach of fiduciary duty, asserting that Plaintiff Lydia Donati's claim fails as a matter of law because the statute does not allow simultaneous claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 (a)(1)(B), (a)(3), in order to remedy the same injury. Plaintiff argues that she has not sought identical remedies because her allegation under § 1132(a)(3) "references matters entirely external to the Plan document, namely the misrepresentation to Plaintiff of the terms of the Plan and her benefits thereunder." (Dkt. # 13, Pg. ID 157.) For the following reasons, the court will grant Defendant's motion for partial judgment on the pleadings, and dismiss Plaintiff's claim for breach of fiduciary duty. The court will grant in part and deny in part Plaintiff's motion to amend/correct her complaint, with limitations as noted below.

## I.  BACKGROUND

Plaintiff Lydia Donati worked for Ford Motor Company for approximately 20 years and participated in their General Retirement Plan ("GRP").  Plaintiff received two streams of income from the GRP:  the normal benefits entitled to Ford employees, in addition to benefits received pursuant to a qualified domestic-relations order ("QDRO").

In April 2012, Ford contacted Mrs. Donati regarding a pension-buyout option that would allow her to receive the remaining value of her GRP monthly pension benefits as a single lump-sum payment.  To participate, the plan required Plaintiff to make an election between December 14, 2012, and March 13, 2013 if she would like to receive the lump sum.  Notice of this requirement, in the form of a postcard, offered Plaintiff the opportunity to "take the remaining value of [her] GRP pension benefit as a single lump sum instead of continuing to receive monthly pension benefit payments." (Dkt. # 1, Pg. ID 3.)  On November 30, 2012, a few weeks after receiving the postcard, Plaintiff received a letter reflecting Ford's calculation of her lump-sum payment option: $230,361.49.  The following month, Plaintiff completed and returned the election kit, ultimately deciding to receive the lump-sum amount reflected in the letter.  In the ensuing months, Plaintiff received three notices communicating Ford's receipt and ongoing status of her election kit.  However, the GRP administrator concluded that the GRP terms entitled Plaintiff to receive a lump sum based only on her own retirement benefits. Because Plaintiff's initial lump-sum payment calculation mistakenly included the additional benefits owed to pursuant to the QDRO, on April 5, 2013, Defendant informed Plaintiff that due to the calculation error, she would have to begin the election process anew. Defendant further informed her that she would have the opportunity to

choose a correctly calculated lump-sum payment option. Plaintiff died before having the opportunity to make a new election, and Plaintiff's personal representative brought suit under 29 U.S.C. § 1132(a)(1)(B), alleging that GRP administrators improperly excluded benefits owed under the QDRO in calculating the lump-sum payment. Plaintiff's second claim, under 29 U.S.C. § 1132(a)(3), alleges a breach of fiduciary duty arising from Defendant's alleged misstatements of the amount of Plaintiff's lump-sum benefits.

## II. STANDARD

A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). "All well-pleaded material allegations of the non-moving party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *Id.* (citation omitted).

## III. DISCUSSION

### A. Defendant's Motion for Judgment on the Pleadings

Plaintiff brings her claims under two different provisions of 29 U.S.C. § 1132, which provides in relevant part:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought—
>
> (1) by a participant or beneficiary—
>
> . . .
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits

> under the terms of the plan;
>
> . . .
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

However, the ability of beneficiaries to bring claims under § 1132(a)(3) is limited to beneficiaries "who may not avail themselves of § 1132's other remedies," including § 1132(a)(1)(B). *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). ERISA claimants may not "simply characterize a denial of benefits as a breach of fiduciary duty[.]" *Id.* at 616. If the alleged violations of the ERISA plan at issue can be adequately remedied under § 1132(a)(1)(B), a beneficiary may not seek relief for an alleged breach of fiduciary duty under § 1132(a)(3). *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 454 (6th Cir. 2003). The distinction between §§ 1132(a)(1)(B) and (a)(3) is crucial for Plaintiff: she concedes that without her § 1132(a)(3) claim, the court's review of her case will be limited to the administrative record, and she will be unable to conduct regular civil discovery. *See Wilkins*, 150 F.3d at 615.

In order to escape the conclusion that her claim for fiduciary breach is a mere repackaging of her claim to recover benefits under § 1132(a)(1)(B), Plaintiff argues that her claims are separate and distinct because her breach of fiduciary duty claim "in no way turns on the terms of the plan or the administrator's interpretation of it," but rather on statements which were entirely external to the GRP. (Dkt. # 13, Pg. ID 157.) However, Plaintiff's case revolves around her claim that Defendant improperly withheld benefits from the QDRO, and she seeks recovery of the lump-sum amount that

4

Defendant initially communicated she was owed. By Plaintiff's own logic, had Defendant not wrongfully denied the benefits from the QDRO, no basis would exist for Plaintiff's breach-of-fiduciary-duty claim. Plaintiff's attempt to distinguish benefits she was *actually owed* under the GRP (her claim under § 1132(a)(1)(B)) from Defendant's *communication* reflecting a miscalculation of benefits she was actually owed (her claim under § 1132(a)(3)) is neither meaningful nor persuasive.

There are two exceptions to the general rule that a beneficiary cannot seek recovery under both §§ 1132(a)(1)(B) and (a)(3), but neither applies to Plaintiff. In *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710 (6th Cir. 2005), the court allowed the plaintiffs to bring claims under both subsections of § 1132 where the plaintiffs sought both the recovery of benefits they claimed they were owed *and* an order mandating the correction of systemic, plan-wide claims-administration problems that affected all beneficiaries under the relevant plan. *Id.* at 718. Because only injunctive relief could require the defendant to alter the manner in which it administered all claims under the plan, the court allowed the plaintiffs to proceed under both theories of relief. *Id.* In contrast to *Hill*, Plaintiff does not seek plan-wide relief, and her claims revolve entirely around her individual claim for benefits. *Hill* is therefore inapplicable to her case.

*Gore v. El Paso Energy Corp. Long Term Disability Plan,* 477 F.3d 833 (6th Cir. 2007), does not advance Plaintiff's case either. In *Gore*, the plaintiff sued both the plan administrator and the plaintiff's employer, alleging that the plan administrator had wrongly denied benefits, and that the employer had misrepresented the amount to which the plaintiff was entitled under a certain disability benefit. The plan administrator

5

controlled the administration of the plaintiff's claims under the policy, and the employer did not. The plaintiff brought a § 1132(a)(3) claim based on a misrepresentation by the employer who did not control the administration of the policy, and a § 1132(a)(1)(B) claim against the plan administrator who did. The Sixth Circuit allowed both claims to proceed, reasoning that because only the plan administrator was responsible for the alleged wrongful denial of benefits, the plaintiff's breach of fiduciary duty claim against the employer could not be characterized as a repackaged denial of benefits claim. *Id.* at 842. Put another way, the *Gore* plaintiff brought claims seeking two different forms of relief against two different defendants, and because neither form of relief was available against both defendants, the claims were not duplicative of each other. In contrast to *Gore*, Plaintiff brings both her § 1132 claims, seeking the same relief, against the same defendant, with her § 1132(a)(1)(B) claim for wrongful denial of benefits merely repackaged into a § 1132(a)(3) for breach of fiduciary duty. Plaintiff cannot bring a claim against Defendant under both § 1132(a)(1)(B) and (a)(3), and count II of her complaint will be dismissed with prejudice.

### B. Motion to Amend/Correct Complaint

"[Federal Rule of Civil Procedure] 15(a) declares that leave to amend shall be freely given when justice so requires." *Forman v. Davis*, 371 U.S. 178, 181 (1962) (internal quotation marks omitted). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986) (citation omitted). Although the grant or denial of an opportunity to amend is within the discretion of the court, "[i]n the absence of any apparent or declared reason—such as undue delay, bad

6

faith or dilatory motive on the part of the movant . . . the leave sought should, as the rules require, be freely given." *Forman,* 371 U.S. at 182.

Plaintiff's proposed amended complaint differs in three ways from her original complaint. First, it adds new factual allegations based on the administrative record. Second, the amended complaint adds more specific allegations regarding Plaintiffs' breach of fiduciary duty claim. Lastly, it adds a claim for estoppel.

Defendant argues that Plaintiff acted in bad faith by filing a motion to amend her complaint after Defendant's motion for judgment on the pleadings was fully briefed, but the court disagrees. Plaintiff's new factual allegations do not appear to have been presented in bad faith or with dilatory motive. Plaintiff's motion to amend her complaint will be granted *as to the new factual allegations*. However, Plaintiff's motion to amend will be denied as to count II for breach of fiduciary duty. As discussed *supra*, Plaintiff cannot bring claims alleging wrongful denial of benefits under § 1132(a)(1)(B) and breach of fiduciary duty under § 1132(a)(3) against the same defendant who controls administration of the plan. Because count II of Plaintiff's amended complaint is barred by law, leave to amend this count will be denied.

Plaintiff's proposed amendment also adds a third count for estoppel, alleging that Defendant:  withheld from Plaintiff material facts related to the extent of her benefits, knew it did not intend to pay Plaintiff her QDRO benefits, and sent Plaintiff an election form, thereby intending for Plaintiff to act on its misrepresentations. Plaintiff claims she was unaware of the true facts, and that she detrimentally relied on Defendant's misrepresentations in creating an estate plan with inaccurate information. (Dkt. # 15–1, Pg. ID 233–235)  Defendant argues that allowing Plaintiff to amend her complaint to add

this claim would be futile, due to Plaintiff's failure to adequately allege the elements of an equitable estoppel claim.

The traditional elements of equitable estoppel are:

(1) conduct or language amounting to a representation of material fact, (2) awareness of the true facts by the party to be estopped, (3) an intention on the part of the party to be estopped that the representation be acted on, (4) unawareness of the true facts by the party asserting the estoppel, and (5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

*Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 442 (6th Cir. 2010) (citations omitted). A plaintiff bringing an estoppel claim for the denial of pension benefits must also allege: "(1) a written representation, (2) plan provisions which, although unambiguous, did not allow for individual calculation of benefits, and (3) extraordinary circumstances in which the balance of equities strongly favors the application of estoppel." *Id.* at 444. Despite Defendant's arguments to the contrary, the court finds that Plaintiff has sufficiently and plausibly alleged an estoppel claim.

Defendant cites *Haviland v. Metropolitan Life Ins. Co.*, 730 F.3d 563 (6th Cir. 2013), and *Bloemker* to support its contention that plaintiff's proposed amendment should be denied because Plaintiff has not alleged "extraordinary circumstances." In *Haviland*, the court did not find "extraordinary circumstances" where the plaintiffs, all of whom were retired, filed suit alleging that letters issued to them over a number of years assured them that their life insurance benefits would remain in effect for the rest of their lives, but were later reduced after the employer filed for bankruptcy. *Haviland*, 730 F.3d at 565. The *Haviland* court reasoned that the balance of equities was not in favor of applying estoppel because the plaintiffs did not justifiably rely on the assurances of the

8

insurance company when the terms of the plan unambiguously vested the right to modify or terminate the program to the employer. *Id.* at 569.

In contrast, the plaintiff in *Bloemker* alleged that his employer sent him a letter calculating the amount of retirement benefits he would receive if he retired early. After reviewing his options, the plaintiff decided to retire. Approximately 22 months later, the employer sent another letter to the plaintiff, this time explaining that a "computer error" had caused it to incorrectly calculate the plaintiff's early retirement benefits. The employer reduced the plaintiff's benefits by approximately five hundred dollars a month, and demanded that the plaintiff repay over eleven thousand dollars of benefits that had been "mistakenly" paid. *Bloemker*, 605 F.3d at 439.

The Sixth Circuit reversed the district court's determination that the plaintiff could not bring an equitable estoppel claim. After clarifying the standard for equitable estoppel claims for a wrongful denial of retirement benefits, the court reasoned that the plaintiff had properly alleged "extraordinary circumstances" after he had relied on his employer's representations when choosing to retire, only to later receive notification that his certified benefits calculation was incorrect and that he would be required to refund the plan the excess money he had received. *Bloemker*, 605 F.3d at 442–43.

Although the allegations in the instant case do not rise to the level of extraordinary circumstances at issue in *Bloemker*, the court nevertheless finds that Plaintiff's proposed amended complaint crosses the threshold, and plausibly alleges a claim for equitable estoppel. Plaintiff claims that Defendant initially told her that she would receive $230,361.49, an amount that included additional benefits owed due to the QDRO. (Dkt. # 15-1, Pg. ID 224.) Defendant allegedly assured Plaintiff in writing on at

9

least three occasions that her benefits were correctly calculated, and that she would be paid a lump sum amount of $230,361.49. (*Id.* at Pg. ID 225–26.) Plaintiff claims that, despite being afflicted with terminal cancer, she spent considerable time and energy reviewing her options, and that she changed her estate plan in reliance on this information. (*Id.* at Pg. ID 225, 234–35.) However, at some point immediately before Plaintiff's death, Defendant allegedly informed her that she would have to make a new election, without explaining the reasons for its decision. (*Id.* at Pg. ID 226.) Plaintiff died before she was able to examine her rights under the "new" election window. (*Id.*)

Taken as true, these allegations state a plausible claim for equitable estoppel. Defendant is claimed to have miscalculated Plaintiff's benefits but repeatedly assured Plaintiff that she had correctly chosen the lump sum amount that she was due, and then suddenly revoked its calculation, without explanation or reasoning, immediately prior to Plaintiff's death. The miscalculation was substantial—a reduction from the $230,000 lump sum originally identified to less than $40,000, a shrinkage of more than 80%. Although different in form from the misrepresentations at issue in *Bloemkr*, the court finds that Plaintiff has advanced a plausible showing of extraordinary circumstances which would survive a motion to dismiss. Accordingly, Plaintiff's motion to amend her complaint to add a claim for equitable estoppel will be granted.

## V. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's motion for partial judgment on the pleadings (Dkt. # 11) is GRANTED. Count II of the Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to amend/correct

complaint (Dkt. # 15) is GRANTED IN PART AND DENIED IN PART. Plaintiff may submit an amended complaint in accordance with this opinion by **August 6, 2014**.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: July 23, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 23, 2014, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-14496.DONATI.OrderJPleadingsAmendComplaint.jac.RHC.wpd