# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LYDIA DONATI,

       Plaintiff,

v.                                                          Case No. 13-cv-14496

FORD MOTOR COMPANY GENERAL
RETIREMENT PLAN, RETIREMENT
COMMITTEE,

       Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Pending before the court is a Motion to Dismiss, filed by Defendant Ford Motor

Company General Retirement Plan, Retirement Committee ("Ford") on August 25,

2014. (Dkt. # 25.)  Having reviewed the briefs, the court concludes a hearing is

unnecessary.  *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the court will

deny the motion.

## I. BACKGROUND

Plaintiff Lydia Donati brought this action on October 25, 2013, asserting a cause

of action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§ 1132 (a)(1)(B), claiming that Ford failed to honor her election "of full payment of her

benefit" under Ford's General Retirement Plan (the "Plan") as well as a cause of action

for breach of fiduciary duty.  On January 10, 2014, Ford moved for judgment on the

pleadings, seeking to dismiss a cause of action asserting breach of fiduciary duty.  (Dkt

# 11).  Donati moved to amend the complaint to add, *inter alia*, an estoppel claim.  (Dkt.

# 15).  On July 23, 2014, the court  granted both motions in relevant part.  (Dkt. # 20).

The court assumes the parties' familiarity with that opinion and order, which contains a

discussion of the factual allegations underlying Donati's claims.  Ford now moves to

dismiss the estoppel claim or, in the alternative, for entry of a *Wilkens* order setting a

briefing schedule.[1]

## II. STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff

and accept all the factual allegations as true.  *Tackett v. M&G Polymers, USA, LLC,* 561

F.3d 478, 488 (6th Cir. 2009) (citation omitted).  In doing so, "the court must draw all

reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471,

476 (6th Cir. 2007).  Yet, the court "need not accept as true legal conclusions or

unwarranted factual inferences."  *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433,

466 (6th Cir. 2000)).  Although a heightened fact pleading of specifics is not required,

"[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  This standard of review requires more than the bare assertion of legal

conclusions.

---

[1] *Wilkens v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998).
*Wilkens* holds that a denial-of-benefits case must be decided on the administrative
record, unless the plaintiff can show that a denial of due process occurred.  *Moore v.*
*Lafayette Life Insurance Co.*, 458 F.3d 416, 431 (6th Cir. 2006).

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)).  Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated on other grounds by Twombly*, 550 U.S. 544.  In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."  *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted).  Therefore, "to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face."  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citations and internal quotation omitted).  A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's well-pled factual allegations.  *Twombly*, 550 U.S. at 556.

## III. DISCUSSION

Ford argues that Donati's estoppel claim is barred for failure to exhaust administrative remedies. Ford's fall-back argument is that, if exhaustion is not required, the estoppel claim, like the ERISA denial-of-benefits claim, must be decided on the administrative record, or at a minimum, discovery pertaining to the estoppel claim should be deferred pending the court's determination of the threshold inquiry into the

3

Plan's ambiguity.  Although the court will deny the motion to dismiss, the court agrees that discovery related to the estoppel claim should be deferred pending a resolution of the denial-of-benefits cause of action.

### A. Failure to Exhaust

Ford argues that, because Donati did not raise her estoppel theory with Ford, her claim is barred.  An ERISA plaintiff must "exhaust his or her administrative remedies prior to commencing suit in federal court."  *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991).  However, Ford concedes that "the Sixth Circuit has not expressly decided whether the exhaustion requirement applies to estoppel claims." (Dkt. # 25, Pg. ID 380).  Furthermore, "whether an ERISA claimant must exhaust his or her issues, as opposed to claims, at the administrative level is less clear."  *Liss v. Fidelity Employer Services Co.*, 516 F. App'x 468, 474 (6th Cir. 2013).  The Sixth Circuit declined to impose an issue-exhaustion requirement because of "the non-adversarial nature of the ERISA proceeding . . . ."  *Id.*

Failure to exhaust administrative remedies is an affirmative defense, and a plaintiff is not required to plead exhaustion to survive dismissal.  *See Zappley v. The Stride Rite Corp.*, No. 09-CV-198, 2010 WL 234713, at *4 (W.D. Mich., Jan. 10, 2013); *see also Crowell v. Shell Oil Co.*, 541 F.3d 295, 309 (5th Cir. 2008) (noting that ERISA exhaustion is a "defense"); *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007) ("The exhaustion requirement is a nonjurisdictional affirmative defense."); *Paese v. Hartford Life and Acc. Ins. Co.*, 449 F.3d 435, 445 (2d Cir. 2006) ("[A] litigant's

failure to exhaust in the PLRA context is an affirmative defense . . . .").  For that reason, dismissal of Donati's estoppel claim on a Rule 12(b)(6) motion is inappropriate.

## B. *Wilkens* Order

Ford argues that both the denial-of-benefits claim and the estoppel claim must be decided based solely on the administrative record and that no discovery may be taken. Ford finds some support for its position in *Thacker v. Schneider Electric, USA, Inc.*, No. 12-235-KSF, 2013 WL 488945 (E.D. Ky., Feb. 7, 2013), *aff'd* 547 F. App'x 691 (6th Cir. 2013).  In *Thacker*, the district court denied additional discovery because Thacker's estoppel argument was "essentially seeking to develop facts that she could have and should have developed in support of her administrative appeal."  *Id.* at *3.  However, in affirming, the Sixth Circuit was silent as to the discovery issue, finding only "that Thacker's estoppel claim [was] foreclosed by *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436 (6th Cir. 2010), which sets forth the elements of an estoppel claim where, as here, a pension plan's terms are unambiguous."  *Id.* at 695 n.3.  The Seventh Circuit has held that estoppel claims need not be administratively resolved.  *Vallone v. CNA Financial Corp.*, 375 F.3d 623, 630 (7th Cir. 2004).

The court need not decide at this juncture whether Donati is entitled to take discovery regarding her estoppel claim.  "Principles of estoppel . . . cannot be applied to vary the terms of unambiguous plan documents; estoppel can only be invoked in the context of ambiguous plan provisions."  *Sprague v. General Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998) (en banc).  As such, the court considers it prudent to defer discovery, if any, on the estoppel claim until after it makes a determination on the denial-of-benefits claim.

5

**IV.CONCLUSION**

Accordingly, IT IS ORDERED that Ford's Motion to Dismiss (Dkt. # 25) is

DENIED.


 s/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 22, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 22, 2014, by electronic and/or ordinary mail.

 s/Lisa Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522