# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LYDIA DONATI,**

      Plaintiff,

vs.

                                           Case No: 2013-cv-14496
                                           Hon. Robert H. Cleland

**FORD MOTOR COMPANY**                    Mag. Judge Michael J. Hluchaniuk
**GENERAL RETIREMENT PLAN,**
**RETIREMENT COMMITTEE,**

      Defendant.

_____

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S STATEMENT OF PROCEDURAL CHALLENGE
## AND PLAINTIFF'S RENEWED REQUEST FOR DISCOVERY

## ISSUE PRESENTED

In *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998) and subsequent cases, the Sixth  Circuit limited discovery in ERISA denial-of-benefits cases to the administrative record, unless the Plan participant could show bias or a conflict of interest on the part of the administrator.

The issue presented here is whether Plaintiff should be permitted broad discovery into other Plan participants' claims in aid of her garden-variety denial-of-benefits claim, absent any allegation of administrator bias.

# CONTROLLING AUTHORITY

*Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998)

# TABLE OF CONTENTS

Page

ISSUE PRESENTED ................................................................................ i

CONTROLLING AUTHORITY ............................................................... ii

ARGUMENT ..........................................................................................1

    I.    Plaintiff Does Not Allege A Legitimate Procedural Challenge To The Committee's Decision; Therefore, Discovery On Her Denial-Of-Benefits Claim Is Limited To The Administrative Record. ...................1

    II.   Even If Plaintiff's Theory Were Cognizable, Plaintiff Has Not Alleged Any Facts Or Presented Any Evidence That Could Support Her Procedural Challenge. ........................................................5

    III.  In Any Event, Ms. Donati Has No Relevant Comparators. ........................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adcock v. Firestone Tire & Rubber Co.*,
   822 F.2d 623 (6th Cir. 1987) ...........................................................3, 4

*Dalesandro v. Int'l Paper Co.*,
   214 F.R.D. 473 (S.D. Ohio 2003) ........................................................3

*Kasko v. Aetna Life Ins. Co.*,
   2014 U.S. Dist. LEXIS 98366 (E.D. Ky. July 21, 2014) ......................4

*Likas v. Life Ins. Co. of N. Am.*,
   222 F. App'x 481 (6th Cir. 2007) .........................................................5

*Moore v. Lafayette Life Ins. Co.*,
   458 F.3d 416 (6th Cir. 2006) ............................................................3, 5

*Mulligan v. Provident Life & Accident Ins. Co.*,
   271 F.R.D. 584 (E.D. Tenn. 2011) .......................................................4

*Price v. Hartford Life and Acc. Ins. Co.*,
   746 F. Supp. 2d 860 (E.D. Mich. 2010) .............................................4, 5

*Putney v. Med. Mutual of Ohio*,
   111 F. App'x 803 (6th Cir. 2004) .......................................................3, 5

*Sprague v. Gen. Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) ................................................................7

*Wilkins v. Baptist Healthcare Sys., Inc.*,
   150 F.3d 609 (6th Cir. 1998) ..................................................... 1, 2, 3, 9

**Statutes**

ERISA Section 502(a)(1)(B).....................................................................4

In pursuit of a garden-variety denial-of-benefits claim, Plaintiff Lydia Donati seeks extensive discovery relating to other Plan participants who were eligible to receive a lump-sum payment on their ordinary retirement income and who also received an alternate payment stream pursuant to a Qualified Domestic Relations Order ("QDRO") or similar order.  Plaintiff's request is foreclosed by *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998), which limits discovery on this claim to the administrative record.  Moreover, Plaintiff did not raise this argument either in her claim for benefits or in her administrative appeal, and therefore, cannot plausibly argue now that the Committee's failure to consider this evidence somehow relates to a denial of "due process."  In any event, the General Retirement Plan, Retirement Committee ("Committee") is not aware of any Plan participants who were similarly situated to former employee Lydia Donati, and therefore, there is no discovery on this issue to be had.  For all these reasons, the Court should keep its current scheduling order in place, which contemplates cross-motions for judgment on the administrative record.

## ARGUMENT

### I. Plaintiff Does Not Allege A Legitimate Procedural Challenge To The Committee's Decision; Therefore, Discovery On Her Denial-Of-Benefits Claim Is Limited To The Administrative Record.

Plaintiff has made repeated attempts to expand discovery in this ERISA case beyond the administrative record and to evade the limitations set forth in the Sixth

Circuit's controlling decision in *Wilkins*.   The latest attempt—styled as a "procedural challenge" to the plan administrator's decision—seeks wide-ranging discovery into how the Committee made benefits determinations with respect to all lump-sum eligible plan participants who received alternate payment streams pursuant to a QDRO or similar order.  Plaintiff effectively admits that she cannot identify a ***single case*** in which a court has permitted such discovery under *Wilkins*.  Doc. No. 32, at 6.  But it is not true, as Plaintiff claims, that there is no authority "on point."  *Id.*  The case on point is *Wilkins*, and it prohibits the discovery requested here.  If a plaintiff could obtain plan-wide discovery by simply alleging that a plan administrator may have acted inconsistently, without evidence or even well-pleaded facts that it did so, *Wilkins* would be turned on its head, and plan participants could obtain discovery under a Rule 26 relevancy standard in practically every case.  That is not the law, and this Court should not become the first in this circuit to authorize such discovery in a routine denial-of-benefits case.

It is true, as Plaintiff notes, that a participant who properly alleges a "procedural challenge" to an administrator's decision may obtain limited discovery, and she is also correct that such discovery is permitted only infrequently.  Doc. No. 32, at 5.  But *Wilkins* and its progeny have properly understood this "procedural challenge" to refer to bias or a conflict of interest on the part of the administrator—that is, a classic "due process" challenge.  *Id.* at 5-6

2

(quoting *Wilkins*, 150 F.3d at 618); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006); *Putney v. Med. Mutual of Ohio*, 111 F. App'x 803, 806-07 (6th Cir. 2004). Plaintiff's procedural challenge statement contains no allegation of any such bias here. Doc. 32, at 2. Rather, Plaintiff alleges that the Committee acted arbitrarily by failing to consider evidence relating to other Plan participants. *See id.* at 3. To the extent the Committee failed to consider such evidence, and to the extent such failure is material (the Committee will show, on these facts, it is not), it relates at best to the merits of the claim, not to a standalone "due process" challenge. If any claim that an administrator acted arbitrarily could be couched as a "due process" violation, it would be the exception that ate the rule.

The authorities that Plaintiff cites in her brief are not to the contrary. Plaintiff cites only two cases from within this Circuit in support of her argument that she is entitled to discovery on prior claims determinations, neither of which supports her argument. *See* Doc. 32, at 3-4. In *Adcock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 624-26 (6th Cir. 1987)—a pre-*Wilkins* case—the court deemed the defendants' interpretation of a plan that made unemployment a prerequisite for benefits reasonable, despite the fact that this reading lacked textual support, because the defendants could point to consistent past plan interpretation. In *Dalesandro v. Int'l Paper Co.*, 214 F.R.D. 473, 480-81 (S.D. Ohio 2003), the Southern District of Ohio similarly concluded that the Plan administrator had

"failed to adhere to the plain meaning of [the Plan's] language," but noted that unlike in *Adcock* there was no evidence of consistent interpretation that could support the administrator's otherwise atextual interpretation of the Plan.  *Id.* Neither case concerned the appropriate scope of discovery in a case where that issue was contested, and therefore, neither case supports the broad-ranging discovery sought in this case by Plaintiff.  To the contrary, at least one court that has specifically considered a request for discovery into the details of other claims determinations has denied the request.  *See Price v. Hartford Life and Acc. Ins. Co.*, 746 F. Supp. 2d 860, 868-69 (E.D. Mich. 2010).  Even where there is sufficient evidence of bias to warrant some discovery, courts have narrowly tailored the discovery permitted, *see Mulligan v. Provident Life & Accident Ins. Co.*, 271 F.R.D. 584, 590-92 (E.D. Tenn. 2011), because in such cases, "any discovery which is permitted must be tailored to facilitate the prompt resolution of the dispute," *Kasko v. Aetna Life Ins. Co.*, 2014 U.S. Dist. LEXIS 98366, at *2-4 (E.D. Ky. July 21, 2014).

Ultimately, the issue before the Court on Plaintiff's ERISA Section 502(a)(1)(B) claim is whether the Committee acted within its discretion in interpreting the terms of the Plan to deny relief **to Plaintiff**.  That inquiry does not require or even permit examination of whether and in what circumstances the Committee may have granted or denied relief to other participants, and whether

such decisions were justified.  Even in cases where a plaintiff has presented evidence of a conflict of interest, courts have only permitted discovery that is reasonably related to the administration of the plaintiff's claim; they have not permitted a plaintiff to delve into the private information of other Plan participants. *See Price*, 746 F. Supp. 2d at 869.  The same result is appropriate here.

## II.    Even If Plaintiff's Theory Were Cognizable, Plaintiff Has Not Alleged Any Facts Or Presented Any Evidence That Could Support Her Procedural Challenge.

Even assuming that an allegation of inconsistent Plan interpretation could form the basis for a legitimate "procedural challenge," it is not enough for a plaintiff merely to speculate that such inconsistencies may in fact have occurred. Courts in this circuit have required plaintiffs to come forward with "sufficient evidence" to suggest a procedural violation occurred.  *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 486 (6th Cir. 2007); *see also Moore*, 458 F.3d at 431; *Putney*, 111 F. App'x at 806-07 ("mere allegation" of procedural violations insufficient to invoke the "narrow exception" to general rule that discovery beyond administrative record is impermissible in ERISA cases).

Plaintiff has not done that here.  To the contrary, the factual premise of Plaintiff's putative due process challenge is demonstrably false.  Plaintiff writes that she "requested the instruments interpreting and administering the Plan" from the Plan administrator, "but has received nothing whatsoever relating to how she

has been treated consistently vis-à-vis others." Doc. No. 32, at 3. But the administrative record reveals that Plaintiff did not in fact request the results of other benefits determinations in connection either with her initial claim or her appeal (and in any event, there were no other comparable benefits determinations, so none would be relevant here, *see infra* pp. 8-9). *See* Doc. No. 25-1, at FORDDONATI00001-2; FORDDONATI00038-45.[1] Nor did Plaintiff argue in her claim or appeal that the Plan may have permitted other alternate payees to reduce their alternate payment stream to a lump sum as part of the 2012 / 2013 Retiree Lump Sum Window. *See id.* at FORDDONATI00001-2; FORDDONATI000038-45. Plaintiff can hardly complain now that the Committee failed to consider supposedly critical evidence that Plaintiff herself did not indicate to the Committee at the administrative level was relevant to her claim.

To the contrary, Plaintiff argued in her administrative appeal that Ms. Donati was entitled to a lump-sum payout on her alternate payee income stream based on (a) the language of the Plan and (b) alleged misrepresentations made to her about her benefits. Doc. No. 25-1, at FORDDONATI000038-45. The Committee, in response, based its decision on the language of the Plan and, concluding that the relevant language unambiguously precluded relief, determined that Plaintiff should

---

[1] While Plaintiff's claim letter sought copies of all Plan "determination letters," it is clear from context that this referred to letters provided by the IRS following review of plan documents. Doc. No. 25-1, at FORDDONATI00001-2.

6

be denied benefits notwithstanding any alleged miscommunications.  *See id.* at

FORDDONATI000026-27.   In its most recent order, this Court correctly

recognized that this was the relevant issue in this case and deferred "discovery, if

any, on the estoppel claim until after [the Court] makes a determination on the

denial-of-benefits claim," because estoppel "'cannot be applied to vary the terms

of unambiguous plan documents.'"   Oct. 22, 2014 Order, Doc. No. 30, at 5

(quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998) (en

banc)).   Plaintiff cannot fault the Committee for failing to anticipate a new

argument that Plaintiff raises in her procedural challenge for the first time.

The only evidence that Plaintiff claims supports her theory is an undated

administrative manual entitled "FUSE Retiree Calculation Specifications," which

illustrates how the lump-sum calculation was to be performed in particular cases.

Doc. No. 32-1.  Contrary to what Plaintiff suggests, however, that manual does not

state that alternate payment streams could be reduced to a lump sum during the

retiree window in which Ms. Donati was eligible to elect a lump sum of her retiree

benefit.  To the contrary, the manual simply notes that there may be administrative

difficulties associated with permitting participants who are subject to a QDRO—or

who were beneficiaries of a QDRO—from electing a lump sum:  "Certain QDROs

may contain provisions that limit the ability of a participant or alternate payee to

elect a lump sum distribution."  Doc. No. 32-1, at 17.  Neither that description, nor

the chart on the following page, identifies the *types of payments* that may be eligible for lump-sum distribution, or during what election windows such payments may be available.  As the claim letter denying Ms. Donati's claim for benefits explained, "As of the date of Ms. Donati's death, the Plan did not provide for lump sum distributions of QDRO Benefits."  Doc. No. 25-1, at FORDDONAT000024. Indeed, the manual cited by Plaintiff demonstrates that the seven window panes that were already scheduled at the time the manual was drafted were exclusively for retirees and surviving beneficiaries of retirees.  *See id.* at 3.

In its forthcoming motion for judgment on the administrative record, Ford will demonstrate that this conclusion follows unambiguously from the Plan language.  This Court need not venture too far down this road at the present time, however, as this will be the key interpretive issue presented by the parties' cross-motions for judgment.  It suffices for current purposes for the Court to recognize that this is, at bottom, an interpretive issue relating to the terms of the Plan.  There is no reason for the Court to require further discovery to resolve the issue, and Plaintiff has identified no reason why such discovery is necessary.

## III.   In Any Event, Ms. Donati Has No Relevant Comparators.

Finally, Plaintiff's brief is unclear as to whom she believes to be the relevant universe of comparators for purposes of her request for discovery.  But it is worth noting that there were no Plan participants who were similarly situated to Plaintiff

in all relevant respects. To the best of the Committee's knowledge, no alternate payee or QDRO-related lump sums were paid during the 2012/2013 Retiree Lump Sum Window. In addition, to the best of the Committee's knowledge, Ms. Donati is the only person who attempted to elect a lump sum in the 2012/2013 Retiree Lump Sum Window that mistakenly included the benefit she was receiving as an alternate payee. Therefore, even assuming that such discovery regarding comparators were relevant and admissible, the Committee does not believe that any such documents or information exist—or would change the outcome if they did exist.

* * *

At its status conference with the parties on October 21, 2014, this Court expressed hope that Plaintiff's denial of benefits claim would be resolved by cross-motions by March 2015, and entered a scheduling order that reflected that timeline. The Court also delayed any ruling on discovery on the estoppel claim until after those cross-motions were decided. While the Court's *Wilkins* order permitted Plaintiff to lodge a legitimate procedural challenge, as is standard for *Wilkins* orders, this is not a case that raises such issues. The Court should decline Plaintiff's invitation to backdoor discovery through this limited exception to the *Wilkins* doctrine, and should keep in place the current scheduling order and briefing schedule.

Respectfully submitted,


/s/ Thomas M. Johnson, Jr.
JULIA TURNER BAUMHART (P49173)
KIENBAUM OPPERWALL HARDY
& PELTON, P.L.C.
280 North Old Woodward Ave., Suite 400
Birmingham, MI 48009)
(248) 645-0000
jbaumhart@kohp.com

JASON C. SCHWARTZ
THOMAS M. JOHNSON, JR.
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com

*Attorneys for Defendant Ford Motor Company*


DATED:  December 3, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: sprescott@deborahgordonlaw.com and I hereby certify that I have caused to be served via U.S. mail the foregoing document to the following non-ECF participants:

(no manual recipients)

/s/ Thomas M. Johnson, Jr.