UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LYDIA DONATI,

    Plaintiff,

v.                                 Case No. 13-cv-14496

FORD MOTOR COMPANY GENERAL
RETIREMENT PLAN, RETIREMENT
COMMITTEE,

    Defendant.
                                /

**OPINION AND ORDER DENYING PLAINTIFF'S
STATEMENT OF PROCEDURAL CHALLENGE**

Pending before the court is a Statement of Procedural Challenge, filed by Plaintiff Lydia Donati on November 19, 2014. (Dkt. # 32.) Defendant Ford Motor Company General Retirement Plan, Retirement Committee ("Ford") has responded. The matter is thus fully briefed, and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's challenge and therefore limit review to the administrative record.

**I. BACKGROUND**

Plaintiff Lydia Donati brought this action on October 25, 2013, asserting a cause of action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (a)(1)(B), claiming that Ford failed to honor her election "of full payment of her benefit" under Ford's General Retirement Plan (the "Plan") as well as a cause of action for breach of fiduciary duty. On January 10, 2014, Ford moved for judgment on the pleadings, seeking to dismiss the fiduciary duty cause of action. (Dkt # 11.) Donati

moved to amend the complaint to add, inter alia, an estoppel claim. (Dkt.# 15.) On July 23, 2014, the court granted both motions in relevant part. (Dkt. # 20.) The court assumes the parties' familiarity with that opinion and order, which contains a discussion of the factual allegations underlying Donati's claims. On August 25, 2015, Ford filed a Motion to Dismiss the Amended Complaint, which the court denied on October 22, 2014. (Dkt. # 30.) The court then issued a *Wilkins* order setting a briefing schedule on the denial of benefits claim, having deferred discovery and consideration of the estoppel claim pending the resolution of the denial of benefits issue.

In accordance with the *Wilkins* order, Donati filed a Statement of Procedural Challenge on November 11, 2019. The Statement of Procedural Challenge alleges that "Defendant acted in an arbitrary manner in the course of its review process, denying her the full protections of due process  Specifically, Plaintiff has alleged that she has been treated differently than similarly situated individuals under Ford's plan . . . ." (Dkt. # 32, Pg. ID 509.)

## II.  STANDARD

For individual claims for benefits under ERISA, a district generally may not consider evidence outside of the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). The district court may consider other evidence "only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.* "If a court finds that due process was not denied, however, then it is appropriate for the district court to deny further discovery into substantive areas, or else a plaintiff could circumvent the directive of *Wilkins* merely by

2

pleading a due process problem." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 431 (6th Cir. 2006); *Putney v. Medical Mutual of Ohio*, 11 F. App'x 803, 806–07; *Likas v. Life Ins. Co. of North America*, 22 F. App'x 481, 486 (6th Cir. 2007); *Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1007 (8th Cir. 1996).

### III.  DISCUSSION

The court is not persuaded that Plaintiff's procedural challenge goes beyond mere assertion.  Plaintiff's attempt to introduce a novel legal theory and obtain discovery under the guise of "due process" is the very sort of circumvention of *Wilkins* that *Moore* cautioned courts to reject.  Although it is true that the Plan prohibited Defendant from "tak[ing] any action not uniformly applicable to all employees similarly situated" (Dkt. # 25-1, Pg. ID 421), any alleged failure to consistently apply the Plan is a substantive question, and therefore falls within the *Wilkins* framework.

Furthermore, Plaintiff did not argue disparate treatment in her appeal and may not attempt to correct that now by couching the argument as one of due process. Plaintiff's appeal conceded that "the Plan terms are controlling," and therefore argued that under the plan, she "met the requirements to receive her lump sum."  (*Id.* at 413–14.)  Plaintiff asserted that the denial was "not consistent with the plan document." (*Id.* at 415.)  Indeed, the disparate treatment argument did not appear until Plaintiff sought to file her Amended Complaint on February 3, 2014.  The court granted the motion to amend "*as to the new factual allegations*" that were "based on the administrative record." (Dkt. # 20, Pg. ID 338.)  However, the pertinent allegation that Plaintiff "was singled out for treatment outside the norm for Plan participants" is based solely "[o]n information and belief."  (Dkt. # 21, Pg. ID 335.)  This newfangled theory is at odds with Plaintiff's prior position that the denial was inconsistent with the Plan and

seeks to transform a straightforward contractual interpretation case into a wide-ranging exploration of Defendant's claims processing practices.

In any event, the record is devoid of any support for Plaintiff's assertion of a lack of due process, bias, or any other procedural challenge that would call for discovery outside of the administrative record. Plaintiff's speculation is insufficient to constitute such a showing. *See Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 484, 486 (6th Cir. 2007) (refusing to "throw open the doors of discovery" based on "conjecture"); *Putney*, 111 F. App'x at 803 (holding "mere allegations of bias [in]sufficient to permit discovery under *Wilkins'* exception"). The court will therefore deny the procedural challenge. The briefing schedule in the *Wilkins* order remains in place.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's Statement of Procedural Challenge (Dkt. # 32) is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: December 22, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 22, 2014, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522